Monte Alan Rich (SBN 019576)
Birthe S. Goswick (SBN 027969)
LAW OFFICES OF MONTE ALAN RICH, LLC
301 W. Willis Street, Suite 100
Prescott, AZ  86301
Telephone:  (928) 778-4438 / (928) 636-0718
Facsimile: (928) 443-9338
e-mail:  monterich@monterichlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| HARVENE F. THOMPSON,  Plaintiff, v. ASSET ACCEPTANCE, L.L.C., FIRST NATIONAL COLLECTION BUREAU, INC., JOHN DOES I-V, JANE DOES I-V, WHITE CORPORATIONS I-V, GRAY LLC'S I—V, BLACK PARTNERSHIPS I-V.  Defendants. | Case No.  **COMPLAINT**  **DEMAND FOR JURY TRIAL** |

COMES NOW, the PLAINTIFF, Harvene Thompson, by and through attorney undersigned, and shows unto the Court as follows:

**INTRODUCTION**

1. This is an action for statutory, special, actual and punitive damages and attorney fees filed by Plaintiff pursuant to the Fair Debt Collection

1

1. Practices Act, 15 U.S.C. Section 1692 et seq. (hereinafter referred to as "FDCPA"); the Telephone Consumer Protection Act of 1991 pursuant to 47 U.S.C. §227 and 47 C.F.R. §64.1200 (hereinafter referred to as "TCPA"); and of the invasions of Plaintiff's personal privacy by the Defendants in its illegal efforts to collect a consumer debt.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). This action also arises under Defendants' violations of the Telephone Consumer Protection Act of 1991 ("TCPA") pursuant to 47 U.S.C. §227 and 47 C.F.R. §64.1200, jointly referred to as TCPA. Furthermore, this action arises out of the invasions of Plaintiff's personal privacy by the Defendants in its illegal efforts to collect a consumer debt.

4. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## PARTIES

6. Plaintiff HARVENE F. THOMPSON    (hereinafter "Plaintiff") is a natural person who resides in the City of Prescott, County of Yavapai, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendants ASSET ACCEPTANCE LLC (hereinafter "Asset Acceptance" or "Defendants") is a foreign LLC and a collection agency operating from an address of 2394 E. Camelback Rd., Phoenix, AZ 85016 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendants FIRST NATIONAL COLLECTION BUREAU, INC. (hereinafter "First National" or "Defendants") is a corporation and a collection agency operating from an address of 2338 W. Royal Palm Rd. Ste. J, Phoenix, AZ 85021 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Prior to 2003, Plaintiff's husband entered into a loan with Wachovia primarily for personal, family or household purposes. Plaintiff's husband passed away in 2003 and, upon information and belief, the

Wachovia loan existed prior to 2003. The Wachovia loan *allegedly* went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, charges related to the Wachovia loan amounting to approximately $13,272.

10. Sometime in or around 2003, the Plaintiff's alleged debt with Wachovia was consigned, placed or otherwise transferred to a collection agency for collection from Plaintiff. *See* Exhibit A. Sometime in or around February 2006, the Plaintiff's alleged debt was once again consigned, placed or otherwise transferred to a collection agency for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendants in an attempt to collect this debt. *See* Exhibits B-K. From February 2006 thru June 2011, Plaintiff has received numerous collection notices from Defendants attempting to collect on this debt that originated from the Wachovia liability several years ago. *Id.* Defendants is attempting to collect on a debt that is more than six years old and Defendants can no longer legally pursue Plaintiff for this debt. *See* A.R.S. §12-548 (mandating six year statute of limitation for contract in writing and credit card debt).

11. Plaintiff has also received numerous calls from Defendants in an attempt to collect this debt. *See* Exhibits L-Q. More specifically, it appears that three collection calls were made to Plaintiff's phone on

1  January 18, 2012; six collection calls were made on January 17, 2012; four collection calls on January 16, 2012; two calls on January 13, 2012; three collection calls on January 12, 2012; two collection calls on January 11, 2012; four collection calls on January 10, 2012; for collection calls on January 9, 2012; three collection calls on January 6, 2012; three collection calls on January 5, 2012; four collection calls on January 4, 2012; six collection calls on December 28, 2011 and so on. *See id*. These calls went on for months and several of these calls were made almost simultaneously. *Id*.

12. Plaintiff now brings this action against Defendants for multiple violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, 1692f(1) amongst others; for violations of the TCPA.; and as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts.

**SUMMARY**

13. The above-detailed conduct by Defendants, of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, TCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts.

14. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, loss of credit score, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

15. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7; *see also* Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing intentional and negligent acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

18. Defendants has violated 15 U.S.C. §1692d because it is attempting to collect on a debt more than six years old and Defendants cannot

pursue Plaintiff for this debt. *See* A.R.S. §12-548. The continued collection notices and collection calls, up to as many as six calls a day, on this uncollectable debt has the natural consequence of harassing, oppressing, and abusing Plaintiff, which is a direct violation of 15 U.S.C. §1692d.

19. Defendants has violated 15 U.S.C. §1692d(5) because it caused the phone to ring repeatedly as stated above and as shown in Exhibit GG.

20. Defendants has violated 15 U.S.C. §§ 1692e because it is attempting to collect on a debt that is more than six years old and thus Defendants cannot pursue Plaintiff for this debt. The continued attempt to collect on this debt is a false, deceptive, and misleading representation in connection with the debt collection, which is in direct violation of 15 U.S.C. § 1692e.

21. Defendants has violated 1692e(2), 1692e(5), and 1692e(10) because it is misleading Plaintiff regarding the legal status of the debt by continuing to collect on an uncollectable debt; it is threatening to collect and take legal action on a debt that is uncollectable; and it is being deceptive in its continue attempt to collect a debt that is uncollectable.

22. Defendants has violated 1692f and 1692f(1) because it is using unfair and unconscionable means to collect a debt that it cannot collect by law.

7

23. Defendants is attempting to collect on a debt that is more than six years old and Defendants can no longer legally pursue Plaintiff for this debt. The foregoing intentional and negligent acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24. As a result of each and every one of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendants herein.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. §227 and 47 C.F.R. §64.1200

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendants violated the TCPA because it initiated several telephone calls to Plaintiff's residential line using an artificial or prerecorded voice to deliver a message without the prior express consent of Plaintiff and the call constitute a telephone solicitation for collecting a debt. 47 C.F.R. 64.1200(a)(2)(iii).

27. As a result of each and every one of Defendants' violations of the TCPA, Plaintiff is entitled to statutory damages in an amount up to $500.00 pursuant to 47 U.S.C. §227(c)(5) for each such violation.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL DATA TO THIRD PARTY

28. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

29. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

30. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates a broad range of "financial institutions" whose definition includes debt collectors, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing**

9

**obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

31. Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to illegally collect a debt and thereby invaded Plaintiff's privacy.

32. Defendants intentionally and/or negligently caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of illegally collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

33. The release of the collection information to the credit bureaus and the repeated conduct of the collection agency attempting to collect the debt are examples of the Defendants' acts of invasion of privacy.

34. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

35. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position or to the least sophisticated consumer.

36. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants and grant the following relief against Defendants:

(a) Actual Damages;

(b) Punitive Damages;

(c) Statutory Damages;

(d) Attorney's Fees and Costs; and

(e) For such other and further relief as may be just and proper.

Dated: February 1, 2012          **/s/ Monte Alan Rich**
Monte Alan Rich, Attorney for Plaintiff
302 W. Willis Street, Suite 100
Prescott, Arizona 86301
Phone: (928) 778-4438
monterich@monterichlaw.com